THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEODRON LTD., ATMEL CORPORATION, and ATMEL GLOBAL SALES LTD.,<br><br>　　　　　　Defendants. | No. 2:20-CV-01216-JLR<br><br>**COMPLAINT AND JURY DEMAND** |

**[REDACTED VERSION]**

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

Plaintiff Microsoft Corporation ("Microsoft"), for its Complaint against Neodron Ltd. ("Neodron"), Atmel Corporation, and Atmel Global Sales Ltd. (collectively, "Atmel"), hereby alleges and prays as follows:

## INTRODUCTION

1. Microsoft brings this lawsuit seeking specific performance of a covenant not to sue, damages for breach of contract, and a declaratory judgment regarding indemnity obligations. Neodron is bound by a component purchase agreement ("CPA") that prohibits Neodron from bringing certain patent infringement claims against Microsoft. Despite this prohibition, Neodron has filed nine patent infringement actions against Microsoft in violation of the covenant. Microsoft therefore seeks an Order enjoining Neodron from the continued pursuit of these prohibited patent claims as well as damages to compensate for Neodron's breach. Atmel has also breached the CPA and the covenant of good faith and fair dealing by enabling Neodron's patent claims and by refusing to defend and indemnify Microsoft from them. Microsoft seeks a judgment that Atmel has a duty to defend, and a declaration that Atmel has a duty to indemnify, Microsoft with regard to certain of Neodron's claims.

2. Neodron acquired the patents asserted against Microsoft from Atmel pursuant to a Patent Sale and Assignment Agreement ("PSA"). Neodron separately and independently agreed with Atmel that its purchase of the patents would be subject to encumbrances set forth in the PSA, which necessarily includes the covenant not to sue provision in the CPA. Microsoft is a third-party beneficiary of the PSA and is entitled to enforce the obligations imposed on Neodron by the PSA. Consequently, by bringing a multitude of patent infringement actions around the world, Neodron has breached not only the CPA, but the PSA as well.

## PARTIES

3. Plaintiff Microsoft is a publicly traded corporation organized under the laws of the State of Washington with its principal place of business in Redmond, Washington.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

4. On information and belief, Defendant Neodron is an Irish company with its principal place of business in Dublin, Ireland. Neodron is a non-practicing entity that was formed in December 2018 to acquire the touch technology patents that Neodron has asserted against Microsoft.

5. On information and belief, Defendant Atmel Corporation is a Delaware corporation with its principal place of business in Chandler, Arizona. In 2016, Atmel Corporation was acquired by Microchip Technology Incorporated ("MTI"). According to MTI, Atmel maintains a separate corporate existence as a wholly owned subsidiary of MTI.

6. On information and belief, Defendant Atmel Global Sales Ltd. is a Labuan company with its principal place of business in Labuan, Malaysia. In 2016, Atmel Global Sales Ltd. was acquired by MTI.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties. This Court has jurisdiction to enter declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S. Code § 2201.

8. This Court has personal jurisdiction over Neodron because Neodron purposefully availed itself of the rights and privileges of this jurisdiction when it acquired the Atmel patents subject to the encumbrances imposed by the CPA and the PSA. ▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Moreover, since its acquisition of patents from Atmel, Neodron has separately agreed to avail itself of the privileges of doing business in the state of Washington regarding this dispute by ▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The interests of justice and fair play are served by the exercise of personal jurisdiction over Neodron. Venue is also proper under 28 U.S.C. § 1391(b) for this reason.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

9. The Court has personal jurisdiction over Atmel because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Upon information and belief, Atmel also regularly transacted business in this judicial district and division by, among other things, its significant sales and licensing arrangement for the supply of components to Microsoft. Venue is also proper under 28 U.S.C. § 1391(b) for this reason.

**FACTUAL BACKGROUND**

**A. Microsoft's Pre-Existing Covenants With Atmel**

10. Microsoft and Atmel executed the CPA on August 12, 2011 to govern the sale of Atmel "Products" to Microsoft for incorporation into "Microsoft Devices."

11. Under the CPA, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For the remainder of this Complaint, "Products" are referred to as "Atmel Components" or "Components."

12. Exhibit A to the CPA is used to document Microsoft's purchases of Atmel Components. The Exhibit contains various information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ A blank Exhibit A was attached to the 2011 CPA and, throughout the years, the parties amended the Exhibit each time Microsoft purchased a Component from Atmel to be incorporated into a new Microsoft Device.

13. Under the CPA, Atmel covenanted that it would ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This covenant not to sue only applies during the "CNS Period," which is defined in the CPA as:

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

██████████████████████████████████████████

(Emphasis added). ██████

██████████

14. Further, ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████.

15. The CPA contains a forum selection clause for disputes concerning the applicability or interpretation of the covenant not to sue provision ████████████████████████████████████████████████████████████████.

16. In 2014, Atmel and Microsoft agreed that the CPA would extend until August 12, 2016, at which point it would then automatically extend on a yearly basis, unless either party terminated the agreement in writing. Neither party has terminated the CPA.

### B. Atmel's Patent Sale to Neodron

17. In December 2018, Neodron entered into the PSA with Atmel and MTI. Pursuant to the PSA, Neodron acquired the right, title, and interest in and to a number of touch technology patents from Atmel. These included all of the patents that Neodron has since asserted against Microsoft except U.S. patent number 8,749,251 ("'251 Patent"), which was sold to Solas OLED Ltd. on December 21, 2018, then assigned to Neodron on September 19, 2019.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

**C.  Neodron's Patent Infringement Lawsuits against Microsoft and its Breach of the Covenant Not to Sue**

18. As of the date of this complaint, Neodron has sued Microsoft nine different times in four different jurisdictions for allegedly infringing patents that had previously belonged to Atmel. Specifically, Neodron has sued Microsoft twice in the United States International Trade Commission for allegedly infringing U.S. patents numbers 8,432,173 ("'173 Patent"); 8,791,910 ("'910 Patent"), 9,024,790 ("'790 Patent"), 9,372,580 ("'580 Patent"), 7,821,425 ("'425 Patent"), 7,903,092 ("'092 Patent"), and the '251 Patent; three times in the United States District Court for the Western District of Texas for allegedly infringing the '173, '910, '790, '580, '425, '920, and '251 Patents and U.S. patent numbers, 8,102,286, 9,086,770, 8,946,574, 8,502,547, and 10,088,960; twice in China for allegedly infringing patent numbers CN104111762B and CN101390290B; and twice in Germany for allegedly infringing patent numbers EP 1,964,265 B1 and DE 10,2014,207,005 B4. In each of those these actions, Neodron accuses Microsoft of patent infringement arising from Microsoft's sale and import of Microsoft Devices that incorporate Components purchased under the CPA.

**D.  Atmel's Obligations to Defend and Indemnify Microsoft with respect to Neodron's Patent Infringement Lawsuits**

19. Pursuant to the CPA, Atmel agreed to defend and indemnify Microsoft against all claims ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████.

20. Microsoft has provided reasonable notice and tendered its defense and indemnification obligations to Atmel for all nine of Neodron's patent infringement lawsuits.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### NEODRON'S BREACH OF THE COVENANT NOT TO SUE

21. Microsoft incorporates and realleges Paragraphs 1 through 20 of this Complaint, as if set forth fully herein.

22. Neodron acquired the Atmel patents subject to encumbrances, including the CPA's covenant not to sue Microsoft for selling or importing Microsoft Devices that contain Components sold under the CPA. When Neodron sued Microsoft for patent infringement, accusing Microsoft Devices that contain Components sold under the CPA, it breached the covenant not to sue provision of the CPA.

23. Microsoft is entitled to a judgment and declaration that Neodron has breached the CPA's covenant not to sue provision and an injunction of specific performance of the CPA, as well as an injunction barring Neodron from pursuing or assisting in any assertion of former Atmel patents against relevant Microsoft Devices for the remainder of the CNS Period.

### SECOND CAUSE OF ACTION:
### NEODRON'S BREACH OF THE PATENT SALE AND ASSIGNMENT AGREEMENT

24. Microsoft incorporates and realleges Paragraphs 1 through 23 of this Complaint, as if set forth fully herein.

25. In the PSA, Neodron agreed to take Atmel's patents subject to encumbrances.

26. Microsoft is a third-party beneficiary of the PSA due to the agreement specifically referencing encumbrances on Atmel's patents, such as the covenant not to sue provision in the CPA.

27. Microsoft is entitled to a judgment and declaration that Neodron has breached the PSA by not honoring the benefits owed to Microsoft as a third-party beneficiary of that agreement.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

28. Microsoft is also entitled to recover damages caused by Neodron's breach, including attorneys' fees, costs and expenses of defending Neodron's lawsuits against Microsoft and its customers.

### THIRD CAUSE OF ACTION:
### ATMEL'S BREACH OF THE COVENANT NOT TO SUE

29. Microsoft incorporates and realleges Paragraphs 1 through 28 of this Complaint, as if set forth fully herein.

30. Atmel covenanted that it would not assert a claim for patent infringement against Microsoft Devices that contain Atmel Components subject to the CPA. Despite that promise, Atmel sold its patents to Neodron to enable Neodron to do just that.

31. Microsoft is entitled to a judgment and declaration that Atmel has breached the covenant not to sue in the CPA, or an injunction of specific performance of the CPA, and an injunction barring Atmel from pursuing or assisting in any assertion of former Atmel patents against any Microsoft Device for the remainder of the CNS Period.

### FOURTH CAUSE OF ACTION:
### ATMEL'S BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

32. Microsoft incorporates and realleges Paragraphs 1 through 31 of this Complaint, as if set forth fully herein.

33. Under Washington law, every contract contains "an implied duty of good faith and fair dealing" that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 112–13, 323 P.3d 1036, 1041 (2014) (quoting *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991)).

34. Microsoft formed a business relationship with Atmel. Microsoft expected that the Microsoft Devices built with Atmel Components would not be accused of infringing Atmel's patents. Microsoft expected that Atmel would not orchestrate the sale of its patents to Neodron for the purpose of enabling and encouraging Neodron to sue Microsoft. Atmel's purported

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

transfer to Neodron sought to deprive Microsoft of a key benefit of its bargain. Atmel's failure to honor its obligations to Microsoft violates the duty of good faith and fair dealing.

35. Microsoft is entitled to a judgment that Atmel has breached the covenant of good faith and fair dealing in the CPA and an injunction barring Atmel from any further acts that frustrate the benefits Microsoft was entitled to under that CPA, including the covenant not to sue.

36. Microsoft is also entitled to recover damages caused by Atmel's breach, including attorneys' fees, costs and expenses of defending Neodron's lawsuits against Microsoft and its customers.

### FIFTH CAUSE OF ACTION:
### ATMEL'S BREACH OF ITS DUTY TO DEFEND MICROSOFT

37. Microsoft incorporates and realleges Paragraphs 1 through 36 of this Complaint, as if set forth fully herein.

38. Atmel has a duty to defend Microsoft in Neodron's patent infringement lawsuits. Atmel agreed to defend Microsoft for ███████████████████████████████ ███████████████████████████████████████████ Neodron has accused Microsoft Devices, which are enabled by Atmel Components, of patent infringement. In other words, ███████████████████████████████████████████ ███████████████████████████.

39. Microsoft has notified Atmel pursuant to the terms of the CPA of its duty to defend Microsoft against Neodron's patent infringement lawsuits.

40. Microsoft has fully performed its obligations under the CPA and has satisfied the CPA's conditions.

41. Microsoft has incurred and will continue to incur costs defending itself against Neodron's patent infringement lawsuits. Atmel's failure to defend Microsoft is a breach of the CPA for which Microsoft is entitled to recover damages.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

### SIXTH CAUSE OF ACTION:
### ATMEL'S BREACH OF ITS DUTY TO INDEMNIFY MICROSOFT

42. Microsoft incorporates and realleges Paragraphs 1 through 41 of this Complaint, as if set forth fully herein.

43. Atmel has a duty to indemnify Microsoft in Neodron's patent infringement lawsuits. Atmel agreed to indemnify Microsoft for ███████████████████████ ███████████████████████████████████████████████████████████████ Neodron has accused Microsoft Devices, which are enabled by Atmel Components, of patent infringement. In other words, ███████████████████████████████████████████████████ ███████████████████████████████████████████ If Neodron prevails, Atmel is obligated to indemnify Microsoft.

44. Microsoft has fully performed its obligations under the CPA and has satisfied all of the CPA's conditions.

45. Microsoft will be damaged through no fault of its own if Neodron is successful in its patent infringement lawsuits. As a result, Microsoft is entitled to declaratory judgment that Atmel is obligated under the terms of the CPA to fully and timely indemnify and pay for any harm incurred by Microsoft in Neodron's patent infringement lawsuits.

### JURY DEMAND

46. Pursuant to Federal Rule of Civil Procedure 38(b), Microsoft demands a trial by jury as to all issues so triable in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Microsoft prays for the following relief:

    a. A judgment and declaration that Neodron has breached the covenant not to sue provision in the CPA;

    b. Specific performance of the covenant not to sue in the form of temporary and permanent injunctive relief barring Neodron from pursuing its pending

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

lawsuits based on Microsoft Devices covered by the covenant not to sue provision in the CPA;

c. A judgment and declaration that Neodron breached the PSA by refusing to recognize encumbrances on its patents;

d. A judgment and declaration that Atmel has breached the covenant not to sue provision in the CPA;

e. A judgment that Atmel has breached the covenant of good faith and fair dealing;

f. A judgment that Atmel is obligated to pay all defense expenses, including reasonable attorneys' fees and costs, that Microsoft has incurred and will incur from defending itself against Neodron's patent infringement lawsuits;

g. A declaration that Atmel is obligated to indemnify Microsoft for any resulting judgment against Microsoft as a result of Neodron's patent infringement lawsuits; and

h. Such other relief awarded in favor of Microsoft and against Atmel as is deemed just and equitable.

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000

1

2  DATED: September 15, 2020          By: */s/ T. Andrew Culbert*
                                         T. Andrew Culbert, WSBA No. 35925
3                                        ACulbert@perkinscoie.com
                                         Judith Jennison, WSBA No. 36463
4                                        JJennison@perkinscoie.com
                                         J. Camille Fisher, WSBA No. 41809
5                                        CFisher@perkinscoie.com
                                         **PERKINS COIE LLP**
6                                        1201 Third Avenue, Suite 4900
                                         Seattle, WA  98101-3099
7
                                         Andrew Ohlert (*pro hac vice*)
8                                        AOhlert@perkinscoie.com
                                         **PERKINS COIE LLP**
9                                        505 Howard St Suite 1000,
                                         San Francisco, CA 94105
10
                                         Lindsey Dunn (*pro hac vice*)
11                                       LDunn@perkinscoie.com
                                         **PERKINS COIE LLP**
12                                       1900 16th St Mall #1400,
                                         Denver, CO 80202
13
                                         *Attorneys for Plaintiff Microsoft Corporation*
14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT AND JURY DEMAND
(No. 2:20-cv-01216-JLR) –12

# CERTIFICATE OF SERVICE

I certify that I will cause the foregoing document to be served on the following parties by the method(s) indicated.

| Party | Method |
|---|---|
| Lawrence D. Graham<br>Graham@LoweGrahamJones.com<br>LOWE GRAHAM JONES PLLC<br>701 Fifth Avenue, Suite 4800<br>Seattle, WA 98104<br>Phone: 206-381-3300 / Fax: 206-381-3301<br><br>*Attorneys for Defendant Neodron, Ltd.* | ___ Via hand delivery<br>___ Via U.S. Mail<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via Email<br>___ Via ECF |
| Atmel Corporation<br>818 West 7th Street, Suite 930<br>Los Angeles, CA 90017 | ___ Via hand delivery<br>_X_ Via U.S. Mail<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>___ Via ECF |
| Atmel Global Sales, Ltd.<br>Suite 4, Noblehouse Business Centre<br>Level 1, Lot 8, Block F<br>Saguking Commercial Building<br>Jalan Patau-Patau<br>87000, Labuan FT, Malaysia | ___ Via hand delivery<br>___ Via U.S. Mail<br>_X_ Via International Courier<br>___ Via Facsimile<br>___ Via Email<br>___ Via ECF |

DATED this 15th day of September, 2020.

*/s/ T. Andrew Culbert*
T. Andrew Culbert

CERTIFICATE OF SERVICE
(No. 2:20-cv-01216-JLR) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.800
Fax: 206.359.9000