THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEODRON LTD., ATMEL CORPORATION, and ATMEL GLOBAL SALES LTD.,<br><br>Defendants. | CASE NO.: 2:20-cv-01216-JLR<br><br>**DEFENDANTS ATMEL CORPORATION AND ATMEL GLOBAL SALES LTD.'S MOTION TO DISMISS COMPLAINT**<br><br>NOTE ON MOTION CALENDER: OCTOBER 9, 2020<br><br>ORAL ARGUMENT REQUESTED |

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR

Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARDS ......................................................................................................... 2

III. ARGUMENT ......................................................................................................................... 3

    1. The Complaint Fails to State a Claim Against Atmel for Breach of the Covenant Not to Sue ................................................................................................ 3

    2. The Complaint Fails to State a Claim Against Atmel for Breach of the Covenant of Good Faith and Fair Dealing ............................................................... 5

    3. The Complaint Fails to State a Claim Against Atmel for Breach of the Duty to Defend and Indemnify ............................................................................... 7

IV. CONCLUSION ...................................................................................................................... 8

ATMEL'S MOTION TO DISMISS  
2:20-cv-01216-JLR

WILSON SONSINI GOODRICH & ROSATI, P.C.  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 2, 7, 8

*Badgett v. Sec. State Bank*, 116 Wn.2d 563, 807 P.2d 356 (1991) ............................................ 5, 6

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) ................................................. 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 1, 2, 7, 8

*Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368 (Fed. Cir. 2008) ................................. 4

*Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677 (9th Cir. 2009) ....................................................... 2

*Energy Innovation Co., LLC v. NCR Corp.*, No. 1:18-CV-3919-TCB,
    2018 WL 7050840 (N.D. Ga. Nov. 29, 2018) ......................................................................... 4

*Essociate Inc. v. Neverblue Media, Inc.*, No. CV 12-08455 JVS (MLGx),
    2013 U.S. Dist. LEXIS 198837 (C.D. Cal. July 8, 2013) ................................................... 7, 8

*Innovus Prime, LLC v. Panasonic Corp. & Panasonic Corp. of N. Am., Inc.*,
    No. C-12-00660-RMW, 2013 U.S. Dist. LEXIS 93820,
    (N.D. Cal. July 2, 2013) ........................................................................................................... 4

*Johnson v. Yousoofian*, 84 Wn. App. 755, 930 P.2d 921 (1996),
    *as amended* (Jan. 9, 1997) .................................................................................................. 5, 6

*Macom Tech. Solutions Holdings, Inc. v. Infineon Techs. AG*, 881 F.3d 1323,
    (Fed. Cir. 2018) ........................................................................................................................ 6

*Mollett v. Netflix, Inc.*, 795 F.3d 1062 (9th Cir. 2015) .................................................................. 2

*O'Brien v. Microsoft Corp.*, No. 2:19-cv-01625-RAJ,
    2020 U.S. Dist. LEXIS 147072 (W.D. Wash. Aug. 14, 2020) ................................................ 8

*Papasan v. Allain*, 478 U.S. 265 (1986) ........................................................................................ 2

*Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 323 P.3d 1036
    (2014) ........................................................................................................................................ 6

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ....................................... 2

*Sanders v. Brown*, 504 F.3d 903 (9th Cir. 2007) ........................................................................... 2

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ................................................ 2

*V–Formation, Inc. v. Benetton Group Spa*, No. 02–2259,
    2006 WL 650374 (D. Colo. Mar. 10, 2006) ............................................................................. 4

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Defendants Atmel Corporation and Atmel Global Sales Ltd. (collectively, "Atmel") move to dismiss plaintiff Microsoft Corporation's ("Microsoft") complaint ("Complaint"), ECF Nos. 1 & 22, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Microsoft's Complaint alleges Atmel breached a covenant not to sue. But Atmel did not sue Microsoft. Instead, Microsoft argues Atmel breached the covenant not to sue by selling patents to Neodron Ltd. ("Neodron"), who then sued Microsoft for patent infringement. Not only did Atmel have every right to sell its patents to Neodron, but also, upon the purchase of those patents, Neodron specifically took the patents subject to any covenant not to sue, as well as any other encumbrances. Therefore, Atmel's rightful sale of its patents, along with the patents' encumbrances, cannot as a matter of law constitute a breach of a covenant not to sue.

Microsoft's Complaint also alleges a breach of a covenant of good faith and fair dealing. But this claim fails as a matter of law as well. Indeed, the Complaint manufactures an implied duty of Atmel to prevent an unrelated entity (*i.e.* Neodron) from asserting its patent rights against Microsoft. Atmel, however, sold the patents to Neodron subject to all pre-existing rights and encumbrances. After this arms-length sale, Neodron controlled the patents and any assertion of the patents. Therefore, Atmel did not breach any implied covenant of good faith and fair dealing.

Microsoft's Complaint also includes unsupported claims against Atmel for failure to indemnify Microsoft and for breach of a duty to defend Microsoft in litigation brought by Neodron. But these allegations are completely devoid of any factual support. The Complaint fails to identify any specific Atmel Component used in a Microsoft Device that is accused of infringement by Neodron. And the Complaint fails to explain how any specific Atmel Component contributes in any way to an infringement claim asserted by Neodron.

In sum, Microsoft's Complaint against Atmel fails to plead facts sufficient to state any plausible claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding a complaint must plead "enough facts to state a claim [for] relief that is plausible on its face.");

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR
-1-
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (either the "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory" should result in dismissal). The Complaint's improper and unsubstantiated claims against Atmel should be dismissed with prejudice. *Id.*

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, a plaintiff is obligated "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In the Ninth Circuit, dismissal is warranted under Rule 12(b)(6) either where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory, but fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) ("We will uphold a district court's decision to dismiss where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim.") (internal quotations omitted).

Thus consistent with the Supreme Court's holdings in *Iqbal* and *Twombly*, in order to withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege facts concerning all of the elements of the stated causes of action. *Mollett*, 795 F.3d at 1065-66; *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (affirming dismissal pursuant to Rule 12(b)(6)). Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are not sufficient. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR

-2-

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss").

### III.   ARGUMENT

The Complaint alleges four causes of action against Atmel: (i) breach of an alleged covenant not to sue, ¶¶ 29-31 (Count Three); (ii) breach of an alleged covenant of good faith and fair dealing, ¶¶ 32-36 (Count Four); (iii) breach of an alleged duty to defend Microsoft, ¶¶ 37-41 (Count Five); and (iv) breach of an alleged duty to indemnify Microsoft, ¶¶ 42-45 (Count Six).[1]

However, both as a matter of law and under the Complaint's own allegations, Atmel's sale of patents to Neodron did not and could not breach any covenant not to sue or covenant of good faith and fair dealing because the patents were sold to Neodron subject to all pre-existing rights. In other words, if Microsoft had any relevant rights, such as an applicable covenant not to sue, the patents were sold to Neodron subject to those rights and thereafter Neodron controlled the patents and their enforcement. Similarly, Microsoft's claims as to indemnification and a duty to defend fail to comply with the pleading standards required by the Supreme Court's guidance in *Iqbal* and *Twombly* because Microsoft's allegations are completely devoid of sufficient facts.

Thus the Complaint fails to state a claim against Atmel upon which relief can be granted and Counts 3, 4, 5, and 6 against Atmel must be dismissed.

**1.   The Complaint Fails to State a Claim Against Atmel for Breach of the Covenant Not to Sue**

Microsoft does not—and cannot—allege Atmel sued Microsoft for patent infringement. This is because Atmel has not sued Microsoft. Tellingly, not once does the Complaint allege Atmel has sued Microsoft; instead, the Complaint alleges Neodron sued Microsoft. *See, e.g.*, Complaint at ¶ 18 ("Neodron has sued Microsoft nine different times in four different jurisdictions for allegedly infringing patents that had previously belonged to Atmel"). On this

---

[1] Microsoft's First and Second Causes of action are not alleged against Atmel. Therefore, Atmel does not address these causes of action. However, Atmel understands Neodron has separately moved to dismiss those causes of action. *See* ECF. No. 16.

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR
-3-
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

ground alone, Microsoft's claim against Atmel for breach of an alleged covenant not to sue should be dismissed with prejudice.

Regardless, as a matter of law, Microsoft cannot convert Atmel's rightful sale of its patents to Neodron into a breach of the alleged covenant not to sue. *See, e.g.*, Complaint at ¶ 30 (alleging "Atmel sold its patents to Neodron…."); Complaint at ¶ 17 (alleging "Neodron acquired the right, title, and interest in and to a number of touch technology patents from Atmel. These included all of the patents that Neodron has since asserted against Microsoft…").

Specifically, Atmel could not have breached the covenant not to sue by selling patents to Neodron because an "[a]ssignment transfers assignor's contract rights, leaving them in full force and effect." *Innovus Prime, LLC v. Panasonic Corp. & Panasonic Corp. of N. Am., Inc.*, No. C-12-00660-RMW, 2013 U.S. Dist. LEXIS 93820, at *15-16 (N.D. Cal. July 2, 2013) ("This occurs whether or not an assignee had notice. A subsequent assignee takes title to the patent subject to such licenses, of which he must inform himself as best he can at his own risk.") (citations omitted); *see also Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008) ("[B]ecause the owner of a patent cannot transfer an interest greater than that which it possesses, an assignee takes a patent subject to the legal encumbrances thereon."); *V–Formation, Inc. v. Benetton Group Spa*, No. 02–2259, 2006 WL 650374, at *7-8 (D. Colo. Mar. 10, 2006) (upholding covenant not to sue even as to an "assignee who took [the patent] without notice of the covenant"); *Energy Innovation Co., LLC v. NCR Corp.*, No. 1:18-CV-3919-TCB, 2018 WL 7050840, at *4 (N.D. Ga. Nov. 29, 2018) (holding that when defendant acquired the patent, it acquired it subject to the covenant not to sue).

In other words, the patents were sold to Neodron by operation of law with all restrictions and encumbrances, including covenants not to sue, if any, as to Microsoft. *Id.* Accordingly, and as a matter of law, Atmel could not have breached a covenant not to sue by simply selling patents because when the patents were sold, they were sold to Neodron with all restrictions and encumbrances, known or unknown. *Id.*

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR

-4-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Nevertheless, Microsoft also alleges and admits that the patents-at-issue were sold to Neodron expressly subject to all encumbrances and pre-existing rights, including any alleged covenant not to sue. *See, e.g.*, Complaint at ¶ 2 (alleging "Neodron separately and independently agreed with Atmel that its purchase of the patents would be subject to encumbrances set forth in the PSA, which necessarily includes the covenant not to sue provision[.]"); Complaint at ¶ 22 (alleging "Neodron acquired the Atmel patents subject to encumbrances, including the CPA's covenant not to sue[.]"); Complaint at ¶ 25 ("In the PSA, Neodron agreed to take Atmel's patents subject to encumbrances.").

In other words, Microsoft admits Neodron agreed and acknowledged that it took ownership of the patents subject to all encumbrances and pre-existing rights, if any, and Neodron agreed it would not enforce the patents inconsistent with those encumbrances and rights. Based on Microsoft's own allegations, Atmel did not and could not breach any covenant not to sue via its sale of patents to Neodron.

In sum, Atmel did not sue Microsoft, and as Microsoft's Complaint acknowledges, Atmel's sale of patents to Neodron properly transferred the patents subject to all encumbrances. Thereafter, Atmel had no control over who Neodron decided to sue or whether Neodron maintained such lawsuits. Thus Microsoft's cause of action alleging breach of a covenant not to sue should be dismissed with prejudice.

### 2. The Complaint Fails to State a Claim Against Atmel for Breach of the Covenant of Good Faith and Fair Dealing

Microsoft's claim against Atmel for breach of an implied covenant of good faith and fair dealing fails as a matter of law because Microsoft does not allege any term or obligation in any contract that prevented or limited Atmel's ability to sell patents to Neodron. "[When] there is no contractual duty, there is nothing that must be performed in good faith." *Johnson v. Yousoofian*, 84 Wn. App. 755, 762 , 930 P.2d 921 (1996), *as amended* (Jan. 9, 1997) (citations omitted). In other words, the duty of good faith and fair dealing exists only "in relation to performance of a specific contract term[.]" *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991).

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR
-5-
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

And the covenant of good faith and fair dealing cannot be used to "add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties.…" *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 111, 323 P.3d 1036 (2014).

The Federal Circuit has similarly held that "the covenant of good faith and fair dealing cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the contract…[a]bsent an express and effective contractual right, the implied covenant has nothing upon which to act." *Macom Tech. Solutions Holdings, Inc. v. Infineon Techs. AG*, 881 F.3d 1323, 1328-9 (Fed. Cir. 2018) (citations and quotations omitted) (applying California law).

Microsoft bases its claim against Atmel for breach of the covenant of good faith and fair dealing solely on the sale of patents to Neodron. *See* Complaint at ¶ 34 ("Microsoft expected that Atmel would not orchestrate the sale of its patents to Neodron for the purpose of enabling and encouraging Neodron to sue Microsoft. Atmel's purported transfer to Neodron sought to deprive Microsoft of a key benefit of its bargain. Atmel's failure to honor its obligations to Microsoft violates the duty of good faith and fair dealing."); *see also* Complaint at ¶¶ 1, 30. However, Microsoft does not identify any term or obligation (express or otherwise) in any contract that prevented or limited Atmel's ability to sell its patents. Therefore, Atmel could not, and did not, breach any covenant of good faith and fair dealing as a matter of law because the "implied covenant will not apply where no express term exists on which to hinge an implied duty." *See Macon*, 881 F.3d at 1328-9; *see also Johnson*, 84 Wn. App. at 762; *Badgett*, 116 Wn.2d at 569; *Rekhter*, 180 Wn.2d at 111.

Similarly, Atmel could not breach the covenant of good faith and fair dealing through the covenant not to sue clause because, as explained, the patents were sold to Neodron subject, both expressly and by operation of law, to all encumbrances and pre-existing rights. Even if there was an applicable covenant not to sue as to Microsoft, the patents were sold subject to that covenant, and thereafter Atmel had no control over Neodron or Neodron's actions.

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR

-6-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Microsoft's cause of action against Atmel alleging breach of the implied duty of good faith and fair dealing by selling patents to Neodron fails as a matter of law and should be dismissed with prejudice.

### 3. The Complaint Fails to State a Claim Against Atmel for Breach of the Duty to Defend and Indemnify

Microsoft has not given Atmel adequate notice of Microsoft's alleged claims of a breach of a duty to defend and indemnify Microsoft. The Complaint asserts, in conclusory fashion, that Microsoft has "notified Atmel pursuant to the terms of the CPA of its duty to defend[.]" Complaint ¶ 39; *see also* ¶ 20 ("Microsoft has provided reasonable notice and tendered its defense and indemnification obligations to Atmel[.]"). Pleading standards require that the Complaint provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Complaint, however, does not even remotely meet this standard.

Microsoft alleges it is entitled to indemnification and that Atmel has a duty to defend, but fails to identify any specific Components, Devices, or infringement contentions and thus "fails to state a claim for indemnification because of the lack of sufficient factual matter required under *Twombly*." *See Essociate Inc. v. Neverblue Media, Inc.*, No. CV 12-08455 JVS (MLGx), 2013 U.S. Dist. LEXIS 198837, at *6 (C.D. Cal. July 8, 2013); *see also* Complaint at ¶¶ 38, 43.

Indeed, at a minimum under *Twombly*, Microsoft is required to identify its Accused Devices that Neodron has accused of infringement, identify which Atmel Components are contained in those Accused Devices, explain how an Atmel Component allegedly contributes to the alleged infringement when the Atmel Component is used in the Microsoft Device, and provide any "additional factual content connecting the accused product to the [components] purchase[d] from [Atmel]." *Essociate*, 2013 U.S. Dist. LEXIS 198837, at *6.

Microsoft is surely aware of these facts to the extent they exist because a complaint for patent infringement against Microsoft must at least "explain what [the Defendant] allegedly has

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR                                   -7-                          WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                                                 701 Fifth Avenue, Suite 5100
                                                                                 Seattle, WA 98104-7036
                                                                                 Tel: (206) 883-2500
                                                                                 Fax: (206) 883-2699

done to infringe the [asserted] patent or provide details sufficient to understand what precisely is accused of infringement" so that neither a court nor a defendant have to "sift through the allegations and guess how they amount to infringement." *O'Brien v. Microsoft Corp.*, No. 2:19-cv-01625-RAJ, 2020 U.S. Dist. LEXIS 147072, at *8 (W.D. Wash. Aug. 14, 2020).  Indeed, Atmel understands some of the Neodron cases against Microsoft are already at advanced stages, with at least the first ITC case, which has been pending for almost a year and a half, on a fast schedule and already having direct witness statements and exhibits submitted for trial, including expert witness statements on infringement.

Microsoft, however, still fails to identify any specific Atmel Component used in a Microsoft Device that is accused of infringement by Neodron and fails to explain how that specific Atmel Component is alleged to contribute to the infringement.  As such, Microsoft fails to put Atmel on notice of any valid claim for indemnification or of any duty to defend Microsoft.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  And "[w]ithout sufficient notice of the circumstances underlying the infringement action, [Atmel] cannot reasonably discern whether the action triggers the [] indemnification [and duty to defend] clause." *Essociate Inc.*, 2013 U.S. Dist. LEXIS 198837, at *6.

For these reasons, the Complaint does not allege adequate facts for its indemnification claim nor its duty to defend claim against Atmel to survive.  These claims must be dismissed.

### IV.   CONCLUSION

For the reasons stated above, Atmel respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice as to Atmel for failure to state a claim upon which relief may be granted.

//

//

//

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR
-8-
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

| | |
|---|---|
| 1 | Dated: September 17, 2020 |

/s/ Stephanie L. Jensen
Stephanie L. Jensen, WSBA #42042
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email: sjensen@wsgr.com
Email: ttindall@wsgr.com

Jo Dale Carothers (*pro hac vice pending*)
Eric A. Caligiuri (*pro hac vice pending*)
**WEINTRAUB TOBIN**
10250 Constellation Boulevard, Suite 2900
Los Angeles, CA  90067
Telephone:  (310) 858-7888
Facsimile:   (310) 550-7191
Email: jcarothers@weintraub.com
Email: ecaligiuri@weintraub.com

*Attorneys for Defendants Atmel Corporation and Atmel Global Sales Ltd.*

ATMEL'S MOTION TO DISMISS
2:20-cv-01216-JLR
-9-
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699