UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br>      v.<br><br>ATMEL CORPORATION, et al.,<br><br>                Defendants. | CASE NO. C20-1216JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART ATMEL'S MOTION TO DISMISS<br><br>PROVISIONALLY FILED UNDER SEAL |

## I.   INTRODUCTION

Before the court is Defendants Atmel Corporation and Atmel Global Sales Ltd.'s (collectively, "Atmel") motion to dismiss Plaintiff Microsoft Corporation's ("Microsoft") complaint.  (MTD (Dkt. # 29); *see also* Reply (Dkt. ## 57 (sealed), 64 (redacted)).)  Microsoft opposes Atmel's motion.  (Resp. (Dkt. ## 52 (sealed), 62 (redacted)).)  Having considered the motion, the parties' submissions regarding the motion, the relevant

//

//

ORDER - 1

portions of the record, and the applicable law, [1] the court GRANTS in part and DENIES in part Atmel's motion to dismiss.

## II. BACKGROUND

### A. Factual Background[2]

This breach of contract case stems from a component purchase agreement (the "CPA") executed between Microsoft and Atmel on August 12, 2011. (Compl. (Dkt. ## 1 (sealed), 22 (redacted)) ¶ 10.) The CPA governs the sale of certain Atmel components for incorporation into Microsoft hardware products. (*Id.* ¶¶ 10-12; 9/28/20 Ohlert Decl. (Dkt. # 45) ¶ 3, Ex. 1 (Dkt. ## 43 (redacted), 46 (sealed)) ("CPA").) Exhibit A of the CPA is used to list which components are governed by the agreement, and the parties have amended Exhibit A to include more components as Microsoft has purchased them to be incorporated into new devices. (Compl. ¶ 12.)

The CPA includes a covenant not to sue (the "CNS"), which states that ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████ (*Id.* ¶ 13; CPA at 6.) ██████████████████████████████████ ████████████████████████████████████████████████

---

[1] Microsoft and Atmel both request oral argument. (*See* MTD at 1; Resp. at 1.) But the court finds oral argument would not be helpful to the disposition of this motion and therefore declines to hold oral argument. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

██████████████████████████████ (*Id.*) In 2014, Atmel and Microsoft agreed that the CPA would extend until August 12, 2016, and would be automatically extended on a yearly basis after that, unless either party terminated the agreement. (Compl. ¶ 16.) Under the CPA, Atmel also agreed to defend and indemnify Microsoft against ████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████ (*Id.* ¶ 19.)

In 2016, Atmel was acquired by Microchip Technology Incorporated ("Microchip"), which maintains Atmel as a wholly owned subsidiary. (*Id.* ¶ 5.) In December of 2018, Neodron Ltd.[3] ("Neodron"), Atmel, and Microchip entered into a patent sale and assignment agreement ("PSA"). (*Id.* ¶ 17.) Through the PSA, Neodron acquired the right to a number of Atmel's patents. (*Id.*) As of August 10, 2020, Neodron had sued Microsoft nine times in four jurisdictions for infringing patents that previously belonged to Atmel. (*Id.* ¶ 18.) All nine of these suits involved alleged infringement arising from Microsoft's sale and import of devices that incorporate Atmel components purchased under the CPA. (*Id.*)

**B.   Procedural Background**

On August 10, 2020, Microsoft filed its complaint against Atmel and Neodron. (*See* Compl.) Microsoft brings claims against Atmel for breaching the covenant not to sue, (*id.* ¶¶ 29-31); the covenant of good faith and fair dealing, (*id.* ¶¶ 32-36); the duty to

---

[3] While Microsoft initially named Neodron as a Defendant, it has since dismissed all claims against Neodron with prejudice. (Not. of Dismissal (Dkt. # 67).)

ORDER - 3

1  defend Microsoft, (*id*. ¶¶ 37-41); and the duty to indemnify Microsoft, (*id*. ¶¶ 42-45).
2  Atmel filed its motion to dismiss on September 29, 2020. (*See* MTD.) On January 28,
3  2021, Microsoft dismissed all claims against Neodron with prejudice. (Not. of
4  Dismissal.)

5                    III.    ANALYSIS

6     Atmel moves to dismiss all claims brought by Microsoft. (*See generally* MTD.) It
7  also argues that Microsoft's response to its motion includes new allegations and
8  improperly relies on documents not included with Microsoft's complaint. (*See* Reply at
9  2-4.) The court first lays out the appropriate legal standard before addressing which
10 documents it will consider when evaluating Atmel's motion to dismiss. It then turns to
11 the merits of Atmel's motion.

12 **A.    Legal Standard**
13    Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to
14 state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When
15 considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in
16 the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith*
17 *Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded
18 facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit*
19 *P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court,
20 however, is not required "to accept as true allegations that are merely conclusory,
21 unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*
22 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Documents and Allegations Considered**

As a threshold matter, the court must determine what, if any, documents outside the complaint it will consider in evaluating the motion to dismiss. Atmel contends that Microsoft improperly raises new arguments and inappropriately relies on 13 attached documents." (*See* Reply at 2-4; *see also* 10/7/20 Ohlert Decl. (Dkt. # 54 (sealed)) (authenticating 13 exhibits); Dunn Decl. (Dkt. # 53 (sealed)), Exs. 1-13.)

Although the scope of review on a motion to dismiss for failure to state a claim is generally limited to the complaint, a court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006)).

//

1   In its opposition, Microsoft contends only that its complaint relies on and refers to
2   the five exhibits that are letters from Microsoft to Atmel tendering claims for defense and
3   indemnification.  (*See* Resp. at 13 (citing Compl. ¶¶ 20, 39; Dunn. Decl., Exs. 7-11).)
4   Atmel does not dispute the authenticity of these documents (*see generally* Reply), and so
5   the court will consider them.[4]  But Microsoft does not submit that its complaint refers to
6   or relies on the remaining eight exhibits.  (*See generally* Resp.; *compare* Dunn Decl.,
7   Exs. 1-6, 12-13, *with* Compl.)  Thus, the court will not consider these eight exhibits while
8   ruling on Atmel's motion to dismiss.  *See Daniels-Hall*, 639 F.3d at 998.  Similarly, the
9   court will not consider new allegations raised in Microsoft's response that have no basis
10  in the complaint.[5]  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th
11  Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not
12  look beyond the complaint to a plaintiff's moving papers, such as a memorandum in
13  opposition to a defendant's motion to dismiss.").  Thus, the court will only consider
14  Exhibits 7-11 filed with Microsoft's response.  (*See* Dunn. Decl., Exs. 7-11)

---

[4] Atmel argues that the court may not consider these documents because they were not attached to the complaint. (Reply at 2-3 (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss, we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.")).) But neither Atmel's quoted portion of *Akhtar* nor other case law suggests a bright line rule that the document must be attached to the complaint. *See Daniels-Hall*, 639 F.3d at 998 (considering document referenced by, but not attached to, complaint); *Del Vecchio v. Amazon.com, Inc.*, No. C11-0366RSL, 2012 WL 1997697, at *7 (W.D. Wash. June 1, 2012) (same).

[5] To the extent these new allegations merit further comment from the court, they are discussed in its analysis below.

1  C.      **Breach of Covenant Not to Sue**

2          Atmel contends that it cannot have breached the CNS because it has not sued
3  Microsoft.  (MTD at 3-4.)  Atmel also argues that, as a matter of law, it "could not have
4  breached a covenant not to sue by simply selling patents because when the patents were
5  sold, they were sold to Neodron with all restrictions and encumbrances, known or
6  unknown."  (*Id.* at 4 (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368,
7  1372 (Fed. Cir. 2008) ("[B]ecause the owner of a patent cannot transfer an interest
8  greater than that which it possesses, an assignee takes a patent subject to the legal
9  encumbrances thereon.")).)

10         Microsoft responds that Atmel's contention that the sale of the patents breached
11 the CNS is a "strawman" of Atmel's own construction.  (Resp. at 1.)  Microsoft argues
12 that Atmel not only sold a significant portion of its patent portfolio to Neodron but also
13 ███████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████
15 ██████████████████████████.  (*Id.* at 1, 3-4.)  In support of its claim, Microsoft cites
16 cases where courts have found that a party violated a CNS by providing financial support
17 for a third party to sue in its stead.  (*Id.* at 6 (collecting cases).)

18         But Microsoft's theory of lawsuit-by-proxy exists only in its response to Atmel's
19 motion, and its complaint makes no factual allegations to support such a theory.
20 (*Compare* Resp., *with* Compl.)  Microsoft's complaint does not mention any ████████
21 ███████████████████████████████████████████████████████████
22 ██████████████████████.  (*See generally* Compl.)  The only allegation in the

ORDER - 7

complaint resembling this theory is that "Atmel sold its patents to Neodron to enable Neodron [to assert a claim for patent infringement against Microsoft]." (*Id.* ¶ 30.) Microsoft has failed to plead sufficient factual content such that the court may draw a reasonable inference that Atmel is liable for violating the CNS. *See Iqbal*, 556 U.S. at 677-78. Therefore, the court DISMISSES Microsoft's claim based on breach of a covenant not to sue without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

**D.    Breach of Covenant of Good Faith and Fair Dealing**

Microsoft's claim based on a breach of a covenant of good faith and fair dealing is also deficient. Microsoft contends that it is not the sale of the patents that breached the covenant, but "Atmel's breach of the CPA's CNS provision and its attempt to circumvent the spirit of the contract." (Resp. at 9.) According to Microsoft, "Atmel's actions of actively seeking out, enabling, and financially benefitting from Neodron's patent infringement lawsuits" are contrary to its reasonable and justified expectations under their contract and frustrates the contract's purpose. (*Id.* at 10.) Once again, however, none of Microsoft's detailed allegations against Atmel regarding its violation of the covenant are contained in its complaint. (*See generally* Compl.) Microsoft's complaint alleges that "Atmel orchestrate[d] the sale of its patent to Neodron for the purpose of enabling and encouraging Neodron to sue Microsoft." (*Id.* ¶ 34.) It provides no allegations of how Atmel "actively [sought] out, enable[ed], or financially benefit[ed]"

ORDER - 8

from these suits.  (*See generally id.*)  The court is not obligated to accept conclusory allegations, bereft of any supporting details, as true.  *See Sprewell* 266 F.3d at 988.  Thus, the court DISMISSES Microsoft's claim based on breach of a covenant of good faith and fair dealing without prejudice and with leave to amend.

E.  **Breach of Duties to Defend and Indemnify**

Microsoft also brings claims that Atmel breached its duties to defend and indemnify Microsoft under the CPA.  (Compl. ¶¶ 37-45).  Atmel contends that Microsoft's allegations for these claims are conclusory and provide insufficient notice of the alleged conduct that breached the duties.  (MTD at 7.)  Specifically, Atmel argues that the complaint fails to identify which Microsoft devices Neodron accused of infringement and which Atmel components were used in those devices.  (*Id.*)

Microsoft's complaint, however, goes further than Atmel suggests.  It alleges that Microsoft provided Atmel with reasonable notice and tendered its defense and indemnification obligations to Atmel for nine patent infringement lawsuits filed by Neodron.  (Compl. ¶¶ 19-20, 38-40, 43-45.)  Microsoft also identifies the patents at issue in the infringement suits brought by Neodron.  (*Id.* ¶ 18.)  Even if this were insufficient, the court has determined that it will consider Microsoft's communications tendering its defense and indemnification obligations to Atmel.  *See supra* § III.B; (Dunn Decl., Exs. 7-11.)  These communications put Atmel on notice of the conduct that Microsoft alleges breached the duties of defense and indemnification.  One communication provides the exact list of Atmel components used in Microsoft devices that Atmel argues is necessary for a valid claim.  (*See* MTD at 8; Dunn Decl. Ex. 8 at 3 (containing list of "Microchip

ORDER - 9

and Atmel products currently used in the accused Microsoft products").) Atmel contends, with no support, that the components on this list are not accused of infringement in the Neodron litigation. But at this stage, the court only determines if Microsoft's claim is facially plausible. *See Iqbal*, 556 U.S. at 677-78. Microsoft's claims for breach of duties to defend and indemnify meet this threshold. Thus, for these claims, Atmel's motion is DENIED.

**F.     Sealing**

Because this order relies on materials filed under seal, the court DIRECTS the Clerk to provisionally file this order under seal. The court ORDERS counsel for the parties meet and confer regarding which, if any, portions of this order they seek to redact. Counsel must then submit one joint statement or, if they cannot agree on a joint statement, competing statements indicating the portions of the order they seek to have redacted and on what basis. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The statement or statements must attach a proposed redacted order that incorporates the redactions requested in the corresponding statement. The parties must file any such statement within 14 days of the date of the filing date of this order. The court will consider the parties' redaction requests, if any, and then file the order on the docket with any necessary redactions.

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Atmel's motion to dismiss (Dkt. # 29).

//

1. The court GRANTS Atmel's motion to dismiss Microsoft's claim that Atmel violated the covenant not to sue. This claim is DISMISSED without prejudice and with leave to amend.

2. The court GRANTS Atmel's motion to dismiss Microsoft's claim that Atmel violated the covenant of good faith and fair dealing. This claim is DISMISSED without prejudice and with leave to amend.

3. The court DENIES Atmel's motion to dismiss Microsoft's claim that Atmel breached the duty to defend.

4. The court DENIES Atmel's motion to dismiss Microsoft's claim that Atmel breached the duty to indemnify.

Microsoft shall file an amended complaint, if any, alleging facts that resolve the issues stated herein, no later than 14 days from the filing date of this order.

Dated this 12th day of February, 2021.

JAMES L. ROBART
United States District Judge